**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 11201
Tel: (718) 330-1200  Fax: (718) 855-0760

David E. Patton
Executive Director and
Attorney-in-Chief

Eastern District
Peter Kirchheimer
Attorney-in-Charge

June 12, 2015

**Via ECF and Hand Delivery**
The Honorable Chief Magistrate Judge Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn. New York 11201

      **Re: United States v. Chevelle Nesbeth 15CR18 (FB)**

Your Honor:

      Enclosed please find the defense's proposed voir dire questions.

                        Respectfully submitted,

                        /S/Amanda Lisa David
                        Amanda Lisa David
                        Counsel to Chevelle Nesbeth
                        Federal Defenders of New York, Inc.
                        One Pierrepont Plaza, 16th Fl.
                        Brooklyn, NY 11201
                        (718)330-1208

Copies to:

Chambers of the Chief Magistrate Judge Gold (via ECF)

Government Counsel of Record:  Paul Scotti (via ECF and E-mail)

**DEFENDANT'S PROPOSED VOIR DIRE**

Chevelle Nesbeth, through counsel, hereby proposes the following voir dire questions in addition to the Court's standard questions:

1.   Introduction of case, charges, attorneys, defendant and witnesses. Do you know any of the attorneys, parties or witnesses either personally, professionally or recognize any of their names either through personal knowledge or through the media?

2.   Chevelle Nesbeth is presumed to be innocent of all the charges against her. The burden is on the government to prove her guilty of each element of each offense beyond a reasonable doubt. She does not have to produce any evidence at all because she does not have to prove her innocence.

   -   Consequently, Ms. Nesbeth need not testify, need not offer evidence, and may, in fact, stand mute, because she is presumed innocent. Does anyone here feel Ms. Nesbeth should testify or present evidence on her own behalf before you could find her not guilty? Does anyone here feel that if Ms. Nesbeth does testify, she takes on a burden of proving that he is innocent?

   -   Is each of you willing to hold the government to its burden of proof and to presume Ms. Nesbeth innocent unless the government satisfies you beyond a reasonable doubt of her guilt of each element of each offense with which she is charged?

5.   If you conclude at the end of the trial that you have a reasonable doubt as to Ms. Nebseth's guilt, would any panel member have difficulty in voting her not guilty?

6.   Ms. Nesbeth is charged by indictment. The indictment is not evidence. It is merely the formal manner of informing the accused of the charges against her. Is there anyone

who feels that because someone has been indicted, that is, formally charged with an offense, she must be guilty?

7. Do any of you feel that the United States Attorney's Office would not bring a prosecution unless the defendant was probably guilty?

8. The government has accused Ms. Nesbeth of possessing with intent to distribute, and the importation of, cocaine. You will hear that Ms. Nesbeth's suitcase contained over one kilogram of cocaine. Given only these facts, how many of you feel that Mr. Nesbeth must have known that cocaine was present in her suitcase?

9. As citizens of a major metropolitan area you are probably aware of and concerned about the problem of crime in general. As jurors you must, however, set aside your concerns and attitudes about such general issues. If you are selected to serve as a juror in this case, your job is to listen to the evidence and the instructions of law as given by the Court, and evaluate this case only.

- Are there any of you who have such strong personal feelings or opinions about crime in general that you cannot promise to set aside those attitudes and decide this case just on the evidence presented?

- Are there any of you that have strong feelings about illegal drugs? About cocaine? Would those feelings prevent you from being able to decide this case on the evidence presented?

- Have you or has any member of your family or any of your close friends suffered from drug addiction? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

10. This case involves allegations that Ms. Nesbeth brought drugs into the United States. Given the nature of the case, would any of you prefer not to serve as jurors because you have such strong personal feelings about this type of crime and the nature of the allegations in this case that you do not feel that you could set those feelings aside and render a fair and impartial verdict based on the evidence in this case and this case alone?

11. Do any of you believe that if Ms. Nesbeth chooses to put on any evidence the burden of proof shifts to the defense, that is, Ms. Nesbeth must prove to you beyond a reasonable doubt that he is not guilty?

12. Have any of you been members of a community, civic, or other organizations which have been actively involved in law enforcement issues (examples: Neighborhood Watch, police support organizations, victim's assistance groups)?

13. Have any of you watch the television show Cops or similar shows?

- Has seeing any of these shows had an effect on the way you consider crime that may affect your being a fair and impartial juror in this case?

14. Do any of you read the local daily newspapers?

- What daily newspaper do you read?

- Do you recall any articles or any news coverage that you think might affect you in deciding this case on the evidence presented in this courtroom? Do you recall any articles on the prevalence of bringing drugs into the country? Do you think you can put such articles out of your mind during your consideration of this case?

15. Many people believe that drastic measures are required to end drug abuse. Would any of you let your feelings about this problem affect your judgment about whether the

4

government had proved its case against Ms. Nesbeth beyond a reasonable doubt? Do any of you feel that the high legal standards in a criminal case should be relaxed when it comes to certain cases including drug cases? Would any of you be more willing to bend the rules in such a case?

16. Law enforcement officers will testify on behalf of the government in this case. A law enforcement officer's testimony should be considered by you just as any other evidence in the case and in evaluating a law enforcement officer's credibility, you should not give that testimony greater or lesser weight because the person is a member of law enforcement.

- Do any of you think you would be more or less inclined to believe a witness who was a law enforcement officer than you would be to believe other witnesses?

17. Is there anyone who thinks a witness called by the government is entitled to more or less belief than a witness called by the defense? Is there anyone who thinks the testimony of a person charged with a crime is worthy of more or less belief than anyone else's testimony?

18. Have any of you, or your close friends or family members, been employed by a law enforcement agency – for example, the New York City Police Department, the Federal Bureau of Investigations, the Homeland Security Investigation, Customs Protection Bureau, the Central Intelligence Agency, or as a special police officer in any capacity – or applied for work in such an agency?

19. Are any of your close friends or members of your family so employed?

20. Have any of you, or your friends or family members, worked in any capacity in the Court system – for example, the United States Attorney's Office, New York District Attorney's Office, the New York Supreme Court, the Federal Court of New York, or any other prosecutorial agency, any probation office, any parole office?

21.     Are you or any of your close friends or relatives lawyers, law students or people who have studied law in the past? Have you or that person ever practiced criminal law? As a prosecutor or a defense attorney?

22.     Have any of you served on a grand jury?

- The procedures and functions of the grand jury and the trial jury are different. When you sat on the grand jury, your purpose was to determine whether there was enough evidence on the government's side alone to justify further proceedings. For this reason there was no defense lawyer present. If you are chosen to sit as a juror in this trial your purpose will be entirely different. Here, you must determine whether or not the government has proven the charges beyond a reasonable doubt. And, unlike the grand jury, here you will hear the government's evidence challenged by the defense attorneys and you will hear both sides of this case.

- Are any of you having trouble understanding the differences between the functions of the grand jury and the trial jury?

- Are all of you able to promise that you can perform the different task of a trial jury and that you will follow the rules of law as the Court gives them to you?

23.     Have any of you served on any trial jury hearing criminal cases before?

- How recently?

- Did you hear anything concerning your juror service from prosecutors, defense attorneys, judges, etc. after the case was over?

24.     Sometimes the law is different from our own personal views of what is or should be. If your own personal views differed from the law as the Court explained it, would anyone have difficulty following the law as the Court explained it?

25. Is there anyone who feels, because of religious convictions or any other strong personal beliefs that you cannot pass judgment on another individual or consider the evidence fairly or impartially?

26. Have any of you, or your relatives or close friends, ever been (1) a victim of, (2) a witness to, or (3) accused of a crime in the New York or elsewhere?

27. If during deliberations, a majority of the jurors believed that Ms. Nesbeth was guilty but you were in the minority that believed that the government had not proven his guilt beyond a reasonable doubt, what would you do? Would you change your vote on the verdict? Would the fact that you were in the minority influence your vote at all?

28. Is there anyone who for health reasons would be unable to sit on this jury and give the evidence in the case your full attention, for example hearing or eyesight difficulties, medication that makes you drowsy, or any other similar reason?

29. This trial is expected to last ___ days. Is there anyone for whom sitting in this case would cause significant difficulty because of family or personal or professional obligations?

30. Is there any reason, including or in addition to any of those previously mentioned, which causes any of you to wish to be excused from service in this case, or makes you feel that you might have difficulty being fair to both sides, or might tend to favor one side over the other?

Respectfully Submitted,

/S/ Amanda David
Amanda David
Counsel for Chevelle Nesbeth
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718.330.1208

cc: AUSA Paul Scotti
     Clerk of Court (ECF)

7